UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WESLEY HOWARD,                    )
                                  )
          Plaintiff,              )
                                  )          CIVIL ACTION NO.
VS.                               )
                                  )          3:16-CV-2487-G
MAXUM INDEMNITY COMPANY,          )
                                  )
          Defendant.              )

## MEMORANDUM OPINION AND ORDER

Before the court is the defendant's motion to dismiss the plaintiff's claims

pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure

(docket entry 10).  For the reasons stated below, the defendant's motion is granted.

## I.  BACKGROUND

In February, 2013, the plaintiff, Wesley Howard ("Howard"), checked into a

hotel owned by JJ&P Hotels ("JJ&P") in Enid, Oklahoma.  Plaintiff's Original

Petition ("Petition") at 2 (docket entry 1-3).  While at the hotel, Howard decided to

use the hot tub.  *Id.*  Almost immediately after entering the hot tub, Howard suffered

severe respiratory distress.  *Id.*  Howard was later diagnosed with pleurisy, a condition

resulting from the inhalation of chlorine gas.  *Id.* at 3.  Howard's lungs had been

chemically burned by the chlorine gas, causing him severe pain.  *Id.*

Howard then filed suit against JJ&P in the United States District Court for the Northern District of Texas, which was later transferred to the Western Distrct of Oklahoma. *See* Petition at 3. During that suit, JJ&P informed Howard that its insurer, the defendant Maxum Indemnity Company ("Maxum"), had taken the position that there was no coverage. *Id.* Howard and JJ&P then negotiated a settlement agreement, whereby JJ&P assigned all of its rights under the insurance policy to Howard so that Howard could sue for coverage under the policy. *Id.* at 4.

Howard then commenced this action in the 160th Judicial District Court of Dallas County, Texas. *See* Defendant's Notice of Removal at 1 (docket entry 1). On August 26, 2016, Maxum removed the case to the United States District Court for the Northern District of Texas. *Id.* Maxum then filed the instant motion to dismiss. Defendant's Motion to Dismiss ("Maxum's Motion") at 1 (docket entry 10). On October 7, 2016, Howard objected to Maxum's motion and, alternatively, requested leave to amend his pleading. Plaintiff's Response and Objection to Defendant's Motion to Dismiss at 11 (docket entry 13). The motion is now ripe for decision.

## II. ANALYSIS

### A. Standard for Rule 12(b)(1) Motion to Dismiss

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter. *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction

must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); *see also Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted).  On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir. 1992) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on:  "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413).

The standard for reviewing a motion under Rule 12(b)(1), however, depends on whether the defendant makes a facial or factual attack on the plaintiff's complaint. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  The defendant makes a facial attack by the mere filing of a Rule 12(b)(1) motion. *Id.*  In that case,

the trial court must look at the sufficiency of the allegations in the complaint, which are presumed to be true. *Id.* The defendant makes a factual attack, on the other hand, by providing affidavits, testimony, or other evidentiary materials challenging the jurisdiction of the court. *Id.* In a factual attack, the plaintiff is also required to submit facts in support of jurisdiction and has the burden of proving, by a preponderance of the evidence, that the trial court has subject matter jurisdiction over the claims. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986).

## B. Ripeness Standard

Ripeness -- the fact that a case is neither "premature [n]or speculative" -- "is a constitutional prerequisite to the exercise of jurisdiction." *Kennard v. Indianapolis Life Insurance Company*, 420 F. Supp. 2d 601, 606 (N.D. Tex. 2006) (Fish, Chief J.) (quoting *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir.), *cert. denied*, 537 U.S. 1071 (2002)). Courts consider whether at the time a lawsuit is filed, the facts are sufficiently developed "so that an injury has occurred or is likely to occur, rather than being contingent or remote." *Waco Independent School District v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000) (internal quotations omitted). "Thus the ripeness analysis focuses on whether the case involves uncertain or contingent future events that may not occur as anticipated or may not occur at all." *Id.* (internal quotations omitted).

In the instant motion, Maxum has presented the court with a facial attack on Howard's complaint, asserting that the court lacks subject matter jurisdiction over this dispute because the case is not ripe for resolution.  Maxum's Motion at 1.

## C.  Discussion

"In Texas, the general rule . . . is that an injured party cannot sue the tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment."  *In re Essex Insurance Company*, 450 S.W.3d 524, 525 (Tex. 2014) (quoting *Angus Chemical Company v. IMC Fertilizer, Inc.*, 939 S.W.2d 138, 138 (Tex. 1997) (per curiam)); see also *Great American Insurance Company v. Murray*, 437 S.W.2d 264, 265 (Tex. 1969).  Maxum contends that Howard's claims are premature because Howard brought a direct action despite:  "(1) the absence of an underlying judgment against JJ&P, and (2) the presence of an underlying dismissal with prejudice in JJ&P's favor, which dismissal ensures there will never be a judgment against, or a monetary settlement by, JJ&P."  Maxum's Brief in Support of Motion to Dismiss ("Maxum's Brief") at 4-5 (docket entry 11) (internal citations omitted).

Howard contends that he properly brought this direct action because Maxum breached its duty to defend the insured, JJ&P, against Howard's claims.  Plaintiff's Response to Defendant's Motion to Dismiss ("Howard's Response") at 9 (docket entry 13).  Specifically, Howard contends that his settlement agreement with the insured invokes an exception to the no-direct action rule.  *Id.* at 9-10 (citing *Rhodes v.*

- 5 -

*Chicago Insurance Company, a Division of Interstate National Corporation*, 719 F.2d 116,

120 (5th. Cir. 1983) ("It is well settled that once an insurer has breached its duty to

defend, the insured is free to proceed as he sees fit") (internal citations omitted)).

However, Howard fails to acknowledge that this exception to the no-direct

action rule applies only in the case of monetary settlements. See *Great American*

*Insurance Company*, 437 S.W.2d at 265 ("No action exists against the insurer, under

its policy, until the insured's obligation to pay has been finally determined 'either by

judgment against the insured after actual trial or by written agreement of the insured,

the claimant and the company'"); *State Farm County Mutual Insurance Company of*

*Texas v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989) ("[A third party] cannot enforce the

policy directly against the insurer until it has been established, by judgment or

agreement, that the insured has a legal obligation to pay damages to the injured

party."). Because Howard does not have a monetary settlement with the insured,

Howard's action against Maxum is premature.

Additionally, Howard's ability to bring a direct action is further undermined

because the anti-assignment clause precludes JJ&P from assigning its rights to

Howard. Howard contends that he can bring a direct action against Maxum because

JJ&P properly assigned its rights to Howard. Howard's Response at 10. Howard

contends that the anti-assignment clause became unenforceable when Maxum

breached its duty to defend JJ&P. *Id.* (citing *Rhodes*, 719 F.2d at 120 ("An additional

consequence of a breach of the duty to defend is the inability to enforce against the insured any conditions in the policy")).

However, "Texas courts do not . . . hold that an insurer's alleged breach of the duty to defend precludes enforcement of an anti-assignment clause." *Nautilus Insurance Company v. Concierge Care Nursing Centers, Inc.*, 804 F. Supp. 2d 557, 560 (S.D. Tex. 2011), see also *Choi v. Century Surety Company*, No. H-10-528, 2010 WL 3825405 at *4 (S.D. Tex. Sept. 27, 2010) (noting that Texas courts uphold anti-assignment provisions so long as they do not conflict with statutes). Additionally, courts have noted that "[a]nti-assignment clauses affect . . . whether a plaintiff has standing." *Nautilus Insurance Company*, 804 F. Supp. 2d at 559. While Howard attempts to put forth defenses to the enforcement of the anti-assignment clause, the Fifth Circuit has held that "defenses against enforcement of 'no-action' and similar clauses in an insurance policy are not applicable to cases involving anti-assignment provisions." *Id.* (citing *Keller Foundations, Inc. v. Wausau Underwriters Insurance Co.*, 626 F.3d 871, 876 (5th Cir. 2010)). Because the anti-assignment clause in JJ&P's policy is separate and distinct from those clauses which are voided by an insurer's breach of a duty to defend, the anti-assignment provision is enforceable. Thus, JJ&P's assignment of its rights under the policy to Howard is invalid.

III.   CONCLUSION

For the reasons stated above, Maxum's motion to dismiss is **GRANTED**.  The claims against Maxum in Howard's original petition are **DISMISSED** without prejudice to refiling once the tortfeasor's liability has been determined by agreement or judgment.

**SO ORDERED**.

November 18, 2016.

A. JOE FISH
**Senior United States District Judge**