UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WESLEY HOWARD,                        )
                                      )
      Plaintiff,                    )
                                      )
                                      )    CIVIL ACTION NO.
VS.                                   )
                                      )    3:16-CV-2487-G
MAXUM INDEMNITY COMPANY,              )
                                      )
      Defendant.                    )

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion to reconsider the court's order granting the defendant's motion to dismiss (docket entry 18). For the reasons stated below, the motion is denied. The court set forth the background of this case in a recent memorandum opinion and order. *See* Memorandum Opinion and Order of November 18, 2016 ("Order") (docket entry 15).

### I. ANALYSIS

#### A. Legal Standard

The Federal Rules "do not recognize a 'motion for reconsideration'" in those words. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.

1990), *cert. denied*, 510 U.S. 859 (1993).  Instead, courts in the Fifth Circuit will treat a so-called motion for reconsideration either as a motion to alter or amend a judgment under Rule 59(e), or as a motion for relief from judgment under Rule 60(b).  *Id.*

When deciding whether such a motion falls under Rule 59(e) or Rule 60(b), the court will look to when the motion was served.  *Id.*  "If the motion is served within [28][1] days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)."  *Id.*  In this case, because the plaintiff's motion for reconsideration was filed within 28 days of the order dismissing the case, it will be considered a motion to alter or amend a judgment under Rule 59(e).

In order to succeed, "[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."  *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted).  Importantly, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction" and a party cannot attempt to obtain a

---

[1]   In 2009, the time period listed in Rule 59(e) was extended from 10 days to 28 days.  *See* Advisory Committee Notes, 2009 Amendments, F ED. R C IV. P. 59(e).

"second bite at the apple" on issues that were previously addressed by the parties and the court. *Alvarado v. Texas Rangers*, No. EP-03-CA-0305-FM, 2005 WL 1420846, at *2 (W.D. Tex. June 14, 2005). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.), *cert. denied*, 543 U.S. 976 (2004).

B.  Application

The plaintiff, Wesley Howard ("Howard"), contends that the court erred by applying Texas substantive law instead of Oklahoma substantive law to Howard's claim. Plaintiff's Motion to Reconsider Dismissal ("Motion to Reconsider") at 2-3 (docket entry 18). Howard contends that Oklahoma law applies because the insurance contract was entered into in Oklahoma and both the insured and insurer are located in Oklahoma. *Id.* at 3. Howard avers that, under Oklahoma law, the assignment of the insurance policy was valid and, therefore, he has standing to sue. *Id.* at 4. Maxum contends that Howard's challenge fails because Howard waived any Oklahoma choice of law argument by failing to include it in his response to Maxum's motion to dismiss. Defendant's Response to Plaintiff's Motion to Reconsider (docket entry 20); Defendant's Brief and Memorandum in Support of Its Response to Plaintiff's Motion to Reconsider at 3 (docket entry 21).

In a diversity case such as this, the rules of the forum state determine which substantive law will govern the dispute. *Klaxon v. Stentor Electric Mfg. Co., Inc.*, 313

U.S. 487, 496 (1941); *Alberto v. Diversified Group, Inc.*, 55 F.3d 201, 203 (5th Cir. 1995). "Under Texas conflicts law, *in the absence of a contrary manifestation*, an initial presumption is that the parties intend for the law of the jurisdiction where the contract is made to govern." *Lockwood Corporation v. Black*, 669 F.2d 324, 327 (5th Cir. 1982) (emphasis added).

Howard applies the five-factor choice of law test appearing in the case of *Mayo v. Hartford Life Insurance Co.*, 220 F. Supp. 2d 714, 744 (S.D. Tex. 2002) (applying five factors to determine which state's law to apply to a breach of contract action), *aff'd and remanded*, 354 F.3d 400 (5th Cir. 2004), to support his argument that the court should have applied Oklahoma law. *See* Motion to Reconsider at 3. However, Howard did not raise this argument in his response to Maxum's motion to dismiss -- nor has Howard raised this argument anywhere else in the record. *See generally* Plaintiff's Response to Defendant's 12(b)(6) Motion to Dismiss ("Howard's Response") (docket entry 13). Therefore, Howard has waived the choice of law argument he advances in the instant motion. See *Schiller*, 342 F.3d at 567; *Fruge v. Amerisure Mutual Insurance Company*, 663 F.3d 743, 747 (5th Cir. 2011) ("Failure to raise an argument before the district court waives that argument, including an argument for choice-of-law analysis.").

Moreover, a close examination of the record is instructive here. The record shows that Howard has not only waived any choice of law argument, but also that

Howard expressed a "contrary manifestation" to the court applying Oklahoma law. Howard's complaint makes no reference to Oklahoma law. *See generally* Plaintiff's Original Petition (docket entry 1-3). In fact, the only state law referenced in Howard's complaint is Texas state law. See *id.* at 5-8. While Howard attached the insurance agreement between Maxum and the insured, JJ&P Hotels ("JJ&P"), to his complaint, it does not have choice of law clause. See *id.*, Exh. A. Thus, the complaint does not conclusively establish that Howard's action arises under Oklahoma law.

However, the crux of the instant motion depends on the parties' briefing of Maxum's motion to dismiss. In its motion to dismiss, Maxum argues:

> JJ&P's stipulation of liability and assignment of rights under the policy to Howard do not bestow a direct-action right on Howard, for two reasons. First, the policy prohibits assignment and the prohibition is enforceable even though Maxum denied a defense to the insured. Second, any rights under the policy had not matured at the time of the assignment since there was no judgment to be indemnified, and they remain immature since there is still no judgment.

Brief in Support of Defendant's Motion to Dismiss at 5-6 (docket entry 11) (internal citations omitted). To support its propositions, Maxum overwhelmingly cites cases applying Texas law.[2] *Id.* Moreover, Maxum's motion states, "The policy was

---

[2] In its motion to dismiss, Maxum cites the following cases applying Texas law regarding the no direct action rule: (1) *Nautilus Insurance Company v. Concierge Care Nursing Centers, Inc.*, 804 F. Supp. 2d 557, 559 (S.D. Tex. 2011);

delivered to the insured in Oklahoma. Because there is no conflict between Oklahoma and Texas law on any issue presented by this motion, however, the Court need not conduct a conflict-of-law analysis."[3] *Id.* at 7 n.30.

If, as Howard asserts in the instant motion, this court was to apply Oklahoma law, presumably Howard would have pointed to Oklahoma law in his response. *See Arthur W. Tifford, PA v. Tandem Energy Corporation*, 562 F.3d 699, 705 n.2 (5th Cir. 2009) ("The parties have briefed Texas's law of conversion . . . by failing to brief any other state's law, the parties have forfeited any choice of law argument."). However, Howard's response to Maxum's motion to dismiss fails to invoke any Oklahoma law as to the no direct action rule or the no assignment clause. *See generally* Howard's Response; see also *Playboy Enterprises, Inc. v. Sanchez-Campuzano*, 519 F. App'x 219, 225 (5th Cir.) (holding that the defendant waived his argument that Illinois law should apply when, aside from one footnote, he "applied Texas law in his briefing

---

(2) *International Interests, LP v. Mt. Hawley Insurance Company*, No. CIV.A. H-11-0580, 2014 WL 4537784, at *5 (S.D. Tex. Sept. 11, 2014); (3) *Nautilus Insurance Company v. Country Oaks Apartments Ltd.*, 566 F.3d 452, 458 (5th Cir. 2009); (4) *Northfield Insurance Company v. Loving Home Care, Inc.*, 363 F.3d 523, 536 (5th Cir. 2004); and (5) *Farmers Texas County Mutual Insurance Company v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997). *Id.* at 6 n.25-26. Maxum cites a single Oklahoma case for the general proposition that "a plaintiff does not have a right to bring a direct action against the insurer of an alleged tortfeasor." *Id.* 5 n.23 (quoting *Weekley v. Bennett Motor Express, LLC*, 858 F. Supp. 2d 1257, 1259 (N.D. Okla. 2012)).

[3] The court notes that Maxum's primary reference to Oklahoma law in its motion to dismiss was regarding the pollution exclusion in the insurance policy -- not the no direct action rule or the validity of the no assignment clause. *Id.* at 7.

before the district court"), *cert. denied*, __ U.S. __, 134 S. Ct. 258 (2013).  Not only does Howard not cite any Oklahoma cases regarding the no direct action rule in his response, he argues that the court should apply Texas law to this issue.  Howard's Response at 9-10.  Specifically, Howard states that "the following law controls" and proceeds to quote from the case of *Rhodes v. Chicago Insurance Company, a Division of Interstate National Corporation*, 719 F.2d 116, 120 (5th Cir. 1983); *see also* Howard's Response at 9-10.  *Rhodes* is a Fifth Circuit opinion applying Texas insurance law and does not refer to Oklahoma law.  *See generally* 719 F.2d at 118-121.  Howard also explicitly states that Texas law controls the court's determination on the validity of the no assignment clause and fails to refer to Oklahoma law.[4]  *See* Howard's Response at 10.

Additionally, Howard did not respond to Maxum's assertion that there was no need to conduct a conflict of law analysis.  Howard's failure to address this argument in his response constitutes a concession of the issue.  *Friou v. Phillips Petroleum Company*, 948 F.2d 972, 974 (5th Cir. 1991) ("[The issue] is not discussed in their briefs.  A party who inadequately briefs an issue is considered to have abandoned the claim."); *Rutter v. Conseco Life Insurance Company*, No. 3:09-CV-680-DPJ-JCS, 2011

---

[4] Specifically, Howard states, "Defendant is also correct in that its agreement with JJ&P prohibited assignment.  However, Defendant wrongfully denied its insured's, JJ&P's, coverage and breached its duty to defend its insured, and therefore *Rhodes* controls."  Howard's Response at 10 (internal citations omitted).

WL 2532467, at *5 (S.D. Miss. June 24, 2011) ("The [Plaintiffs'] apparently concede the issue, having failed to address it in their Response.").

Moreover, Howard's response only refers to Oklahoma law regarding the insurance policy's pollution exclusion, which was immaterial to the court's November 18 opinion. *See* Howard's Response at 7-8. This reference was very limited -- Howard was only responding to the few Oklahoma cases cited by Maxum. *Id.* In turn, Howard's main contention on the application of the pollution exclusion clause is that the clause is ambiguous and that it ought to be construed against the drafter. *Id.* at 8. For this proposition, Howard cites *AT & T Corp. v. Rylander*, 2 S.W.3d 546 (Tex. App. -- Austin 1999, pet. denied); *see also* Howard's Response at 8. *AT & T Corp. v. Rylander* is a Texas court of appeals opinion applying Texas law regarding contract interpretation. *See* 2 S.W.3d at 559-60. With Howard's minimal references to Oklahoma law, it can hardly be said that Howard "depended on Oklahoma law to support his arguments throughout his briefing." *See* Plaintiff's Reply in Support of Plaintiff's Motion to Reconsider at 5 (docket entry 22).

In sum, it is unclear whether there was ever an initial presumption that the policy arose under Oklahoma law. However, Howard's failure to raise Oklahoma law in his response to Maxum's motion to dismiss is most certainly a "contrary intention" to the contract arising under Oklahoma law. Howard's "contrary intention" is even more evident regarding the issues that the resulted in dismissal of the action for lack

- 8 -

of standing: (1) the validity of the no assignment clause and (2) failing to overcome the no direct action rule. Order at 6-7; see also *Roth v. Mims*, 298 B.R. 272, 283-84 (N.D. Tex. 2003) (Lindsay, J.) ("Moreover, while it is true that the parties may have cited a couple of Nevada cases, they also cited a plethora of other state and federal cases, including Texas and 5th Circuit cases in their pleadings, in Roth's motion to Dismiss, in Mims's Motion for Summary Judgment and Roth's corresponding response, and in the parties' proposed findings of fact and conclusions of law. From this, the bankruptcy court could not have concluded that either of the parties was advocating that the laws of Nevada be applied to the case at hand."). Therefore, Howard waived any choice of law argument and the court did not err by applying Texas law.

## II. CONCLUSION

For these reasons, the plaintiff's motion is **DENIED**.

**SO ORDERED**.

January 23, 2017.

_____
**A. JOE FISH
Senior United States District Judge**